UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BRIAN T. BARRETT,

              Plaintiff,

      v.

LIVINGSTON COUNTY, et al.,

              Defendants.
_____

<u>DECISION & ORDER</u>

14-CV-6593G

On October 16, 2014, plaintiff Brian T. Barrett ("plaintiff") filed a complaint pursuant to 42 U.S.C. § 1983, alleging that the defendants violated his constitutional rights while he was incarcerated at Livingston County Jail located in Geneseo, New York. (Docket # 1). Currently before this Court is plaintiff's request for appointment of counsel. (Docket # 27). In his submission, plaintiff states that he suffers from mental health issues conditions that impede his ability to represent himself. (*Id.*).

It is well-settled that there is no constitutional right to appointed counsel in civil cases. Although the court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see*, *e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

      1.      Whether the indigent's claims seem likely to be of substance;

    2.    Whether the indigent is able to investigate the crucial facts concerning his claim;

    3.    Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

    4.    Whether the legal issues involved are complex; and

    5.    Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

    The court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Having reviewed the facts presented herein in light of the factors required by law and pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 58, I conclude that plaintiff's allegations in connection with his request for counsel present sufficient circumstances to justify appointment of counsel to assist plaintiff with the prosecution of his claims.

    Accordingly, plaintiff's request for appointment of counsel **(Docket # 27)** is **GRANTED**. The Court hereby assigns Michael R. Wolford, Esq. and Laura A. Myers, Esq. of the Wolford Firm, LLP, 16 E. Main Street, Suite 600, Rochester, New York 14614, *pro bono*, to faithfully and diligently represent plaintiff in this case.

    The Clerk of the Court is directed to copy that portion of the file in this matter that is not currently available through PACER on the Court's Case Management/Electronic Case Management System and send it to Michael R. Wolford and Laura A. Myers, together with a

copy of this order and the Guidelines Governing Reimbursement from the District Court Fund of Expenses Incurred by Court Appointed Counsel.[1] The Chief Judge of the Court will also issue an Order directing PACER to waive its fees so pro bono counsel can access and print at no cost to him or his firm any other documents filed herein that he may need. Plaintiff's attorney is directed to contact the Court by **February 10, 2016**, to request a date for a status conference and to discuss further proceedings in the case.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
January 7, 2016

---

[1] This information and the forms are also available on the Court's web site at the Attorney Information link from the home page located at: http://www.nywd.uscourts.gov//pro-bono-program-district-court-fund.