**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
BRIAN T. BARRETT,

      Plaintiff,
  v.                **ORDER**
                     **14-cv-6593-FPG-MWP**
LIVINGSTON COUNTY, NEW YORK, et al.,

      Defendants.

  This case is scheduled for a mediation session on **April 11, 2019** at **9:30 a.m.** All lead counsel are hereby **ORDERED TO APPEAR** before the undersigned at 233 U.S. Courthouse, 100 State Street, Rochester, New York. Unless excused by the Court in advance of the conference, parties and their lawyers are required to be present.

  Experience teaches that settlement conferences are often unproductive unless the parties have exchanged demands and offers **before** the conference and made a serious effort to settle the case on their own. Accordingly, before arriving at the mediation session, the parties are to negotiate and make a good faith effort to settle the case without the involvement of the Court. Specific proposals and counter proposals shall be made. If settlement is not achieved before the settlement conference, the parties shall be prepared to engage in further negotiation at the conference.

  The purpose of the mediation session is to facilitate settlement of this case, if that is appropriate. It will be conducted in such a manner as not to prejudice any party in the event settlement is not reached. To that end, all matters

communicated to the undersigned in confidence will be kept confidential, and will not be disclosed to any other party.

At least **one week prior to the conference**, each party shall submit directly to chambers a confidential settlement report. This report shall set forth: (1) a brief summary of the facts of the case; (2) the status of settlement negotiations, including the most recent settlement demand and/or settlement offer; (3) a brief summary of the damages sought (including a breakdown of special damages) and whether there are settlement options, in addition to or in lieu of money damages, that could be discussed at the settlement conference.  If expert testimony will be offered at trial, a brief summary of such expert testimony, including the identity of the expert should also be contained in the settlement report.  If a particular document or report is helpful in understanding the case or damages, counsel may attach such document(s) to their submission.  Counsel may, but are not required to, share their submission with opposing counsel.  Any submission should be submitted directly to the Court and shall **NOT** be filed with the Clerk.

At the mediation session, the parties, by counsel, shall give a brief presentation outlining the factual and legal highlights of their case.  Separate, confidential settlement caucuses will then be held with each party and their lawyers.  Attached is an outline

for counsel to review with the parties prior to the settlement conference to make the best use of the time allotted.

The requirement of parties' personal appearance is intended to increase the efficiency and effectiveness of the settlement conference, by reducing the time for communication of offers and expanding the ability to explore options for settlement.

**SO ORDERED.**

                                            ___/s/ Jonathan W. Feldman____
                                                JONATHAN W. FELDMAN
                                          United States Magistrate Judge

DATED: March 28, 2019
       Rochester, New York

**JONATHAN W. FELDMAN**
**UNITED STATES MAGISTRATE JUDGE**

**SETTLEMENT CONFERENCE PREPARATION**

Experience shows that in negotiations, the party who is best prepared usually obtains the best result.  Settlement conferences can be held more efficiently if all parties and counsel are prepared.  The following are some areas to consider in order to aid in the effectiveness of this settlement conference.

A.  FORMAT

1.  Parties with ultimate settlement authority must be present in person or available by telephone.

2.  The court will use a mediation format, and private caucusing with each side; the Judge may address your client directly.

B.  ISSUES

1.  What issues (in and outside of this lawsuit) need to be resolved?  What are the strengths and weaknesses of each issue?  What is your most persuasive argument?

2.  What remedies are available resulting from this litigation or otherwise?

3.  Is there any ancillary litigation pending/planned which affects case value?

4.  Do you have enough information to value the case?  If not, how are you going to get more information before the conference?

5.  Do attorney's fees or other expenses affect settlement?  Have you communicated this to the other side?

C.  AUTHORITY

1.  Are there outstanding liens?  Have you verified amounts and whether they are negotiable?  Do we need to include a representative of the lien holder?  If so, contact the Court immediately.

      2.    Is there valid insurance coverage?  In what amount?  If coverage is at issue, or the amount/type affects settlement value, have you notified the other side?  Do we need to include the representative from more than one company/carrier?  If so, notify the Court immediately.

D.    <u>NEGOTIATIONS</u>

      1.    Where have your last discussions ended?  Are you sure?

      2.    Can you have any discussions before the settlement conference to make it proceed more efficiently?

      3.    What value do you want to start with?  Why?  Have you discussed this with your client?

      4.    What value do you want to end with?  Why?  Have you discussed this with your client?  Is it significantly different from values you have placed on this case at other times?

      5.    Is there confidential information which affects case value?  Why can't/won't/shouldn't it be disclosed?  How can the other side be persuaded to change value if it doesn't have this information?

      6.    What happens if you don't settle the case at the conference?  What is your best alternative to a negotiated settlement?  Why?

E.    <u>CLOSING</u>

      1.    If settlement is reached, do you want it on the record?

      2.    Have you discussed settlement formats with your client?  Does the client understand structured settlements, annuities, Rule 68 offers to compromise?

      3.    How soon could checks/closing documents be received?

      4.    If settlement is not reached, and further discovery is needed, what is your plan for continued settlement discussions?  Do you want Court involvement in these talks?